(*) DENNISON *versus* MASON *&° al.*

On an appeal by a respondent from a judgment on process of forcible entry and detainer, the statute requires him to recognize to pay such costs as may be adjudged against him, and to pay such reasonable intervening rent, as the justice shall adjudge, in case his judgment shall not be reversed on the appeal.

A recognizance, given upon such an appeal, is void, if it be conditioned for any performance or payment not prescribed by the statute.

Thus it is void, if it require the appellant to prosecute his appeal with effect; — or to pay all costs that may arise in the suit after the appeal; — or to pay the intervening rent.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding.

DEBT ON RECOGNIZANCE.

The plaintiff, in a process of forcible entry and detainer, recovered a judgment in the Police Court of Bangor, against Joseph C. Mason, one of the defendants, for possession of the land and for costs $3,38. From that judgment Mason appealed to the District Court, and jointly with Leighton, the other defendant, entered into a recognizance to the plaintiff, the condition of which was, that " he shall and do prosecute with effect an appeal by him made [from the judgment, which is recited,] at the next District Court to be holden, &c., and shall pay all costs that may arise in this suit after the appeal, and pay the intervening rent, adjudged to be one hundred and twenty-five dollars per year.

Upon that recognizance, this suit is brought.

The case was submitted to the Court.

*J. Godfrey,* for the plaintiff. ·

*Cutting,* for the defendants.

APPLETON, J. — The defendant Mason, having been brought before the Police Judge of the City of Bangor, on a complaint made by the plaintiff under the statute of forcible entry and detainer, was by him adjudged guilty of the offence set forth in the complaint, from which judgment he appealed, and entered into a recognizance to the plaintiff, among other things, to " prosecute *with effect* an appeal by him

made, from a judgment given against him in the Police Court for the City of Bangor, on Monday, &c., for the possession of lands and tenements of the said Mary C. Dennison, unlawfully held and detained by the said Mason," &c., to " pay all costs that may arise in this suit after the appeal, and to pay the intervening rent of said premises, adjudged to be one hundred and twenty-five dollars per year."

By the latter clause of R. S., c. 128, § 4, " either party may appeal from the judgment of the justice, upon issue joined, to the next District Court, recognizing as aforesaid, to pay such *costs as may be adjudged against him ;* and if the defendant appeal, he shall recognize to pay such reasonable intervening rent for the premises as such *justice shall adjudge, in case his judgment shall not be reversed on* such appeal."

The provisions of the recognizance, as taken by the magistrate, are entirely at variance with those required by the statute. That does not authorize it to be taken to prosecute the appeal " with effect." *Owen* v. *Daniels,* 21 Maine, 182.

By the statute recognizance the liability of the principal is, to pay " such costs as may be adjudged against him." By the one under consideration, he is to pay " all costs that may arise in this suit after the appeal." But *all costs* that may arise in the suit after the appeal may not be adjudged against him, nor should he be required to pay them.

The obligation to pay such reasonable intervening rent as such justice shall adjudge accrues by the statute only " *in case his judgment shall not be reversed on such appeal.*" But in this recognizance the words " in case his judgment shall not be reversed" are omitted. Now to pay the reasonable intervening rent, and to pay the reasonable intervening rent in case the judgment of the magistrate appealed from shall not be reversed, are very different obligations. The one is an absolute undertaking, the other a conditional one. In the latter case, the liability of the party recognizing may never attach, while in the former it arises at once upon his entering into the recognizance. The magistrate had no legal authority to require of a party claiming an appeal, and as a preliminary to

granting it, a recognizance upon conditions so materially different from those which the statute prescribes, and so opposed to the just rights of the defendant.

If this recognizance should be sustained, it is difficult to perceive any conditions which a magistrate may not impose.

*Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, RICE and HATHAWAY, J. J., concurred.

